[No. 631. August 6, 1896.]

## UNITED STATES OF AMERICA, APPELLEE, v. JOSEPH ROUTLEDGE, APPELLANT.

CRIMINAL LAW—CUTTING TIMBER ON PUBLIC LAND—PROOF—ONUS.— Where, on a trial, on indictment for the unlawful cutting of timber on the public land, the defendant proved that he had a mineral entry on the land, entitling him, under the law, to cut timber therefrom for certain purposes, the presumption was that the cutting done was for such purposes, and the burden was on the prosecution to prove, beyond a reasonable doubt, that it was not for such purposes.

ID.—INSTRUCTION—PREJUDICIAL ERROR.—An instruction, in such case, requiring the jury to determine, as a matter of fact, the question of the ownership or nonownership of the tract of land, which the prosecution admitted to be his land, was prejudicial to defendant.

APPEAL, from a judgment of the First Judicial District Court, convicting defendant of cutting timber on the public lands of the United States. Reversed; LAUGHLIN, J., dissenting.

The facts are stated in the opinion of the court.

EDWARD L. BARTLETT for appellant.

If the land was shown to be of the character offered to be shown, the defendant had a perfect right to cut upon it. U. S. v. Saucier, 5 N. M. 569; Act Congress, June 3, 1878 (Supp. Rev. Stat., p. 166); 1 Dec. Dept. of Interior, pp. 697-699.

"In criminal cases the burden is always on the government to prove all its material allegations, and

VOL. 8 N. M.—25

the burden of proof never shifts to the defendant, unless he sets up some affirmative defense, as alibi, insanity or the like." Coffin v. U. S., 156 U. S. 461; 3 Rice on Ev., p. 424, sec. 259; Comm. v. McKee, 1 Gray (Mass.), 65; Kent v. People, 8 Colo. 572.

The Pecos Pueblo land is not "an Indian reservation or land belonging to or occupied by any tribe of Indians under authority of the United States" as contemplated by the act of congress under which the indictment was found. U. S. v. Santistevan, 1 N. M. 539, 593; 94 U. S. 618, 619.

The instruction of the court in regard to "reasonable doubt," "if you find such a doubt, it is your duty to give it the fullest consideration, but this doubt must arise from the evidence or from the want of it," was fatally erroneous. It should have been, if you find such a doubt, it is your duty to acquit. Chavez v. Territory, 6 N. M. 455; Faulkner v. Territory, Id. 465; 3 Rice on Ev. 432, 434.

J. B. H. HEMINGWAY, United States attorney, for appellee.

The contention of appellant that the court erred in refusing to permit him to prove that the public land, upon which he was charged with cutting timber, was mineral in character, and unfit for agricultural purposes, is not sustained by United States v. Saucier, 5 N. M. 569.

The return made by the surveyor of public lands must stand until the contrary be proved. 8 Copp's Land Owner, 120.

Where mineral lands are included in a reservation, they are not thereafter subject to entry, for any purpose, though preexisting rights can not be divested. 1 Dec. Interior Dep. 552.

"Where the prosecution makes out such a case as would sustain a verdict of guilty, and the defendant

offers evidence, the burden is on him to make out the defense, whatever it may be, that he presents." Whar. Crim. Ev. [9 Ed.], sec. 331.

Not only is the burden of proof, in such case, on the defendant, but his defense, to be effective, must be established "by a preponderance of proof." Whar. Crim. Ev. [9 Ed.], sec. 332.

COLLIER, J.—In this case the indictment alleged in various counts the unlawful cutting of timber on certain legal subdivisions of the public lands of the United States, being based on section 5388 of the Revised Statutes.

The legal subdivisions specified are shown to adjoin or corner with a tract of one hundred and sixty acres of land belonging to defendant, and it is also shown he has a mineral entry upon one of said subdivisions.

While there is testimony going to show that timber was cut or caused to be cut by defendant on these subdivisions, he also produced testimony going to show, that the only timber which was cut in that vicinity by his direction was upon his own land and upon said mineral entry, and that such timber as was cut upon the mineral entry was for mining purposes, the timber cutting being as shown by the government for mercantile uses. The questions presented, therefore, to the jury were: First, whether or not defendant unlawfully cut or caused to be cut timber on the subdivisions other than the mineral entry, and, second, if only on the mineral entry if it was done for mining purposes.

As to the cutting admitted by the defendant to have been done by him on the mineral entry and upon his own land, and which his proof tended to show was the only cutting done by his direction, the court below instructed as follows: "But you are instructed, that

there is a mineral entry here made by the defendant, and under this law he was permitted to cut trees for agricultural, mining, or domestic purposes, and unless by a preponderance of proof he has shown you that he did cut on this mineral entry for such purposes, you will find him guilty under the other proof if beyond a reasonable doubt you believe that he is guilty." "You are instructed, and if you believe from the evidence, that the one hundred and sixty acres in question was the land belonging to the defendant, that he was justified in cutting whatever timber he saw fit from them, but if the timber in question was only cut from that property or under the section which I have given you from the Mineral Laws then you will find him not guilty."

As to the former of these paragraphs it is to be said, that the learned judge was evidently proceeding upon the theory, that the defense set up was of extrinsic matter in the nature of a confession and avoidance, or in other words, that it was an affirmative defense and therefore to be proved by a preponderance of evidence. It is readily seen, that the facts which would constitute a license or authority to cut timber upon public land should be established by a preponderance of proof, but in this case there was no question about defendant having shown that he had a mineral entry, and indeed the court instructed the jury that he did have. A license to cut timber on this mineral entry for certain purposes having been shown, the question of guilt or innocence rested not upon the fact of his cutting timber there, but whether or not the cutting was or not, for the purposes allowed by law. We think that if it is shown that defendant was lawfully on said premises, and that he had a lawful right to cut timber for the purpose for which he was there, then there is a presumption that whatever cutting he did was in further-

*CUTTING timber on public lands: proof: onus.*

ance of such purpose. The rule the court gave the jury was tantamount to telling them, that notwithstanding the fact that defendant has established his right to cut timber on his mineral entry, yet he must also show by a preponderance of evidence that he has not violated the law by so doing. Apparently the defendant is acting within the law when his mineral entry is admitted to exist, but the court says the act of cutting is presumed to be for other than mining purposes, and he must show by a preponderance of proof that it was not for other purposes. The defendant, though held by the court to be in the position of one setting up an affirmative defense, is required to establish a negative proposition. It may be conceded, that when the prosecution showed that the timber was cut on public land there would be prima facie evidence of unlawful intent, and if the case rested there a verdict of guilty would be justified, but when the defendant showed that he was lawfully on said land and had a right to cut timber for specified purposes, this prima facie showing of unlawful intent would be removed and the burden would be on the prosecution to prove or have proved beyond a reasonable doubt the existence of such unlawful intent. We do not mean to say that rebuttal evidence should necessarily be introduced to establish this unlawful intent, but that the jury should have been instructed, that it must appear from the evidence beyond a reasonable doubt that the license of defendant did not cover such timber cutting as was done on said mineral entry, nor do we here decide that this rule would obtain in a civil action to recover the value of timber unlawfully cut.

As to the second paragraph above quoted of the court's instructions, we think it was, or might reasonably be supposed to have been prejudicial to defendant, as it appears to have required the jury to determine as a matter

**INSTRUCTION:** prejudicial error.

of fact the question of the ownership or nonownership of the tract of land, which the prosecution admitted to be his property, we finding this admission distinctly set forth on page 74 of the record.

The two paragraphs are also somewhat confusing, but they appear to instruct the jury to inquire whether or not the cutting defendant admitted he did was on his land or the mineral entry, when his testimony was that he cut in both places. The serious objection, however, to these instructions is, the error committed by the court in requiring that defendant should establish by a preponderance of proof the fact that he did not exceed the limit of his license in cutting timber on the mineral entry, we holding that the burden was on the prosecution to establish that he did, and this, too, by evidence beyond a reasonable doubt. The criticism made upon the court's instruction as to reasonable doubt, in saying that the jury should give such doubt "the fullest consideration," may be answered by saying that though such language may be somewhat inapt, the objection is not material in view of the instruction elsewhere that the defendant can only be found guilty, if proved so beyond a reasonable doubt.

Wherefore it is considered that a new trial should be granted and it is accordingly so ordered.

SMITH, C. J., and HAMILTON and BANTZ, JJ., concur. LAUGHLIN, J., dissents.